**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ASHLEY JORDAN PARKER,

Petitioner,

Case No. 2:24-cv-13216
Honorable Susan K. DeClercq

v.

DOUGLAS TASSON,

Respondent.
_______________________________/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Michigan prisoner Ashley Jordan Parker filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2005 Wayne County Circuit Court convictions of one count of second-degree murder, MICH. COMP. LAWS § 750.317, three counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.87, and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. The petition must dismissed because it was filed after the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Additionally, a certificate of appealability will not be issued, but leave to appeal *in forma pauperis* will be granted.

## I. BACKGROUND

Parker's convictions arise from a shooting in Detroit on January 15, 2005.

*People v. Parker*, No. 266089, 2007 WL 750837, at *1 (Mich. Ct. App. Mar. 13, 2007) (per curiam). The prosecution presented evidence that Parker and his cousin went to a home in Detroit ostensibly to purchase marijuana. *Id.* Lothario Triplett, Christopher Burrows, and Janice Cusick were in the living room at the time. *Id.* Triplett opened the door to allow Parker and his cousin to enter. *Id.* Moments later, Parker shot Triplett in the abdomen. *Id.* As Triplett fled, he was shot in the back by a second bullet. *Id.* Cusick testified that after the first gunshot, she saw Parker's cousin remove a gun from the sleeve of his jacket. *Id.* Additional gunshots were fired as Parker and his cousin fled. *Id.* Triplett survived, but his brother—Burrows—was fatally shot. *Id.* At trial, the prosecution "advanced the theory that [Parker] was guilty as a principal or an aider an abettor," *id*. at *2, and Parker was found guilty, *id*. at *1.

Following his conviction and sentence, Parker appealed by right to the Michigan Court of Appeals. *See Parker*, 2007 WL 750837, at *1. His appellate counsel asserted that insufficient evidence supported his convictions and that the trial court failed to instruct the jury on the specific intent necessary for conviction as an aider and abettor. *Id.* at *1–2. Parker also filed a *pro se* supplemental brief raising claims that the prosecutor committed misconduct and that trial counsel was ineffective for failing to present a complete defense. *Id.* at *4. On March 13, 2007,

the Michigan Court of Appeals affirmed the convictions in an unpublished opinion. *See generally id*.

Parker filed an application for leave to appeal to the Michigan Supreme Court, which was denied on July 30, 2007. *People v. Parker*, 735 N.W.2d 275 (Mich. July 30, 2007) (table).

On July 10, 2020, Parker returned to the trial court and filed a motion for relief from judgment through counsel. *See* ECF No. 12-7. Parker raised four claims in his motion: (1) newly discovered evidence established a *Brady* violation, (2) the trial court gave an insufficient jury instruction regarding the intent element for second-degree murder, (3) the trial court gave an erroneous aiding and abetting instruction, and (4) the trial court relied on improper factors when sentencing Parker. *See id.* at PageID.661–90. The trial court denied the motion because Parker failed to show good cause for failing to raise his claims on direct appeal. ECF No. 12-8 at PageID.691–94.

Parker filed an application for leave to appeal in the Michigan Court of Appeals. ECF No. 12-17 at PageID.768–814. In lieu of granting leave to appeal, the Michigan Court of Appeals vacated the trial court's order because "[t]he court erred in ruling that defendant failed to show good cause regarding the alleged violation of *Brady* . . . and the trial court's analysis of the remaining issues is insufficient to facilitate meaningful appellate review." *Id.* at PageID.767.

On remand, the trial court again denied the motion for relief from judgment. ECF No. 12-10 at PageID.712–718. The trial court also denied Parker's motion for reconsideration. ECF No. 12-14 at PageID.753–57. Parker sought leave to appeal in the Michigan Court of Appeals, which was denied. ECF No. 12-18 at PageID.826. The Michigan Supreme Court also denied Parker leave to appeal. *People v. Parker*, 997 N.W.2d 222 (Mich. 2023) (table).

Parker filed a petition for a writ of habeas corpus on November 21, 2024. ECF No. 1.[1] He claims that the prosecution withheld favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Respondent has filed an answer to the petition, arguing that the case should be dismissed on the ground that it was not timely filed and, alternatively, that the petition should be denied on the merits. ECF No. 11. Parker has replied. ECF No. 14.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*., imposes a one-year statute of limitations for habeas petitions brought by prisoners challenging state court judgments. AEDPA provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

[1] The petition was signed and dated November 21, 2024. ECF No. 1 at PageID.14. However, it was not docketed until December 3, 2024. *See generally* ECF No. 1. The delay is immaterial for the reasons explained below.

> judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

A habeas petition filed outside of the identified time periods generally must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000) (dismissing habeas petition filed 13 days late); *see also Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009) (explaining that AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence").

## III. DISCUSSION

Parker contends that his petition is timely under § 2244(d)(1)(D), arguing that his *Brady* claim is based on newly discovered evidence that could not previously have been discovered through the exercise of due diligence. *See* ECF No. 1 at PageID.6, 15–25. Respondent argues that § 2244(d)(1)(A) provides the operative date for calculating the one-year limitations period in this case, which provides that the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under either provision, however, the petition is untimely.

### A. Ordinary Limitations Period

This Court first considers the petition's timeliness under § 2244(d)(1)(A). On direct review, the Michigan Supreme Court denied Parker leave to appeal on July 30, 2007. Parker's conviction became final on October 29, 2007, when the time for filing a petition for a writ of certiorari expired.[2] *See* SUP. CT. R. 13; *Clay v. United States*, 537 U.S. 522, 532 (2003). The one-year limitations period began to run the following day, October 30, 2007, and expired on October 30, 2008. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (holding that last day on which a petitioner

[2] The 90-day period ended on Sunday, October 28, 2007, giving Parker until the following day to file a certiorari petition. *See* SUP. CT. R. 30.1.

can file a petition for a writ of certiorari is not counted toward AEDPA's one-year limitations period). Parker did not file the pending petition until November 21, 2024, more than sixteen years after the limitations period expired.

Parker's motion for relief from judgment filed in the trial court does not toll that limitations period, because he filed that motion on July 10, 2020—more than eleven years after the limitations period had already expired. A state post-conviction motion filed after the federal limitations period has run does not restart the limitations clock. *Welch v. Plappert*, 169 F.4th 707, 711 (6th Cir. 2026) (if the "twelve-month federal habeas clock has run" before a prisoner files a post-conviction motion, the motion "does not restart the statute of limitations." (citation omitted). Therefore, the petition is untimely under § 2244(d)(1)(A).

Although Parker does not specifically invoke § 2244(d)(1)(D), he appears to rely on that provision to argue that his petition is timely because he could not have discovered the factual predicate for his *Brady* claim until years after his conviction became final. *See* ECF No. 1 at PageID.1, 15–25. Parker claims that the prosecution violated *Brady* by failing to disclose evidence of corruption within the Detroit Police Crime Lab, including evidence that Detroit Police firearms examiner David Pauch had falsified ballistics evidence in other cases. *Id.* at PageID.15–25.

At trial, the prosecution presented ballistics evidence showing that two guns were used in the shooting. *Parker*, 2007 WL 750837, at *2. According to Parker,

this testimony, given by Pauch, undermined the defense that Parker was merely present at the scene. ECF No. 1 at PageID.19. Parker later learned that the Detroit Police Crime Lab was "shut down due to unreliable ballistic test results." *Id.* at PageID.17. He also points to Desmond Ricks, whose murder conviction was overturned in 2017 after it was discovered that Pauch had fabricated ballistics evidence used to secure the conviction. *See Ricks v. State*, 968 N.W.2d 428, 430 (Mich. 2021). Parker seems to argue that he could not have discovered the factual predicate for his *Brady* claim until he learned of Pauch's alleged misconduct. ECF No. 1 at PageID.20.

But Parker himself acknowledges that the Crime Lab's Firearms Unit was suspended from conducting firearms analyses in April 2008. ECF No. 1 at PageID.17. The Firearms Unit was permanently closed a few months later "due to the unacceptable error rate in ballistics evidence analysis." *People v. Williams*, Nos. 286097, 291335, 2011 WL 6004067, at *4 (Mich. Ct. App. Dec. 1, 2011) (per curiam). Thus, information concerning deficiencies within the Crime Lab had been publicly available years before the Ricks exoneration.

Even assuming, however, that Parker could not have discovered the factual predicate for his *Brady* claim until the August 2017 exoneration, the petition remains untimely. Under § 2244(d)(1)(D), Parker was required to file his federal habeas petition within one year of discovery—so, by August 2018. He did not file this

petition until November 21, 2024, more than six years later. Accordingly, the petition is untimely under § 2244(d)(1)(D).

**B. Equitable Tolling**

The one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Equitable tolling is "'used sparingly by federal courts.'" *Millis v. Rewerts*, 181 F.4th 669, 673 (6th Cir. July 9, 2026) (citation omitted). The petitioner bears the burden of showing entitlement to equitable tolling. *Id.*

Parker has not carried that burden. Rather than identifying any extraordinary circumstance that prevented a timely filing, he argues that his *Brady* claim should be heard because it has merit. ECF No. 1 at PageID.15–25. But the possible merit of a claim does not justify equitable tolling. As the Third Circuit Court of Appeals has observed, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *Sch. Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Likewise, "neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period."

*Oliver v. Booker*, No. 06-CV-14211, 2008 WL 373906, at *7 (E.D. Mich. Feb. 12, 2008), *report and recommendation adopted, id.* at *3. Because Parker has shown neither diligence nor extraordinary circumstances, equitable tolling does not apply.

Finally, the one-year statute of limitations may also be excused based upon a credible showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support "allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Parker has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. His habeas petition is therefore untimely and must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed in this matter unless a certificate of appealability is issued under 28 U.S.C. § 2253. FED. R. APP. P. 22(b)(1). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the correctness of this Court's ruling that Parker's petition is time-barred. This Court therefore denies a certificate of appealability.

## V. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**. This Court **DENIES** a certificate of appealability.

This Court **GRANTS** Parker leave to proceed *in forma pauperis* on appeal because the Court concludes that an appeal may be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 27, 2026